UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

PAMELA A. BAUGHER,

    Plaintiff,

v.

CITY OF ELLENSBURG, WA, and THE BROADWAY GROUP,

    Defendants.

NO. CV-06-3026-RHW

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

Before the Court is Plaintiff's Motion for Reconsideration (Ct. Rec. 47). The motion was heard without oral argument.

On March 19, 2007, the Court entered an order granting both Defendants' Motion for Summary Judgment (Ct. Rec. 46). Plaintiff filed her motion for reconsideration on March 26, 2007.

### DISCUSSION

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). It is considered an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Id*. A motion under Rule 59(e) "may *not* be used to raise arguments or present evidence for the

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 1**

first time when they could reasonably have been raised earlier in the litigation." *Id.* (emphasis in original).

It appears that Plaintiff is arguing that the Court committed clear error in granting summary judgment in favor of Defendants. Plaintiff has not presented the Court with newly discovered evidence, nor is she arguing that there is an intervening change in the controlling law.

Plaintiff continues to assert that Bun is a service animal; however, Plaintiff fails to address the Court's finding that she failed to present evidence of any specific work or tasks that Bun was trained to perform for the benefit of Plaintiff, the lack of evidence of specific cues, the lack of evidence regarding how Bun was trained to provide cues to Plaintiff, or the lack of evidence that set Bun apart from the ordinary pet.

Plaintiff asserts that the Court failed to consider Plaintiff's Fourth Amendment claims of unreasonable seizure when she was coerced into giving a urine sample at the hospital. The Court did consider her claim when it granted summary judgment in favor of the City of Ellensburg with respect to Plaintiff's § 1983 claims. Because Plaintiff is suing the City of Ellensburg and not individual officers, the only way the City of Ellensburg will be held liable for any Fourth Amendment violations is if the violations occurred pursuant to an official government policy or custom. In response to Defendant's Motion for Summary Judgment, Plaintiff did not present any evidence or any argument that the City of Ellensburg had a custom or policy of coercing a urine sample from arrestees prior to allowing their release from custody.

Plaintiff asserts that the Court erred in finding there was no evidence the City has a policy to discriminate. It appears that Plaintiff is confusing the Court's ruling with regard to her § 1983 claims and its ruling with regard to her ADA claims. Plaintiff asserts that the City of Ellensburg had a practice or policy to assist any store upon demand to eject an unwanted guide and service dog from

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 2**

their midst.  This practice or policy, if true, would violate the ADA, but would not necessarily be the basis of a § 1983 claim.  Because the Court found that Bun was not a service animal, however, the City of Ellensburg did not violate the ADA by failing to enforce Plaintiff's right to bring a service dog into a public entity, and its police officers did not arrest her on account of her disability because she was not entitled to have Bun in the Flying J.  Moreover, the Court's conclusion that Bun is not a service animal precludes Plaintiff's § 1983 claims.

Plaintiff has not convinced the Court that it committed clear error in granting Defendants' Motions for Summary Judgment.

Accordingly, **IT IS HEREBY ORDERED**:

1.  Plaintiff's Motion for Reconsideration (Ct. Rec. 47) is **DENIED**.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and forward copies to counsel and Plaintiff.

**DATED** this 9th day of April, 2007.

*s/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Court

Q:\CIVIL\2006\Baugher\reconsider.wpd

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 3**